# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

WILLIE J. HARRIS                         PLAINTIFF

V.                                    CIVIL ACTION NO. 4:17CV67-MPM-JMV

RICHARD PENNINGTON, ET AL.                      DEFENDANTS

## ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

Plaintiff Willie J. Harris, an inmate housed in Unit 30 D-Building at the Mississippi State Penitentiary, has filed a motion for preliminary injunction. Harris' housing zone is currently on lockdown, and he seeks an order requiring Defendants to provide him with canteen and visitation privileges. *See* Doc. #25 at 2.

A party must prove each of four elements to be entitled to injunctive relief: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury to the movant outweighs any harm that the injunction will cause the nonmovant; and (4) that the injunction will not disserve the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell*, 248 F.3d 411, 419 n.15 (5th Cir. 2001); *DSC Communications Corp. v. DGI Technologies, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996). It is an extraordinary remedy that is "not to be granted routinely, but only when the movant, by a clear showing, carries [the] burden of persuasion." *Black Fire Fighters Association v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990) (quotation omitted); *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976) ("An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury[.]").

Harris maintains that the extended period of lockdown has arbitrarily denied him of his rights without due process. However, the Fifth Circuit has held that "[p]rison officials should be accorded the widest possible deference in the application of policies and practices designed to maintain security and preserve internal order." *McCord v. Maggio*, 910 F.2d 1248, 1251 (5th Cir.1990). Harris' complaint of the loss of privileges during the course of a zone-wide lockdown does not implicate a liberty interest. See *Wilkerson v. Goodwin*, 774 F.3d 845, 853 (5th Cir. 2014) (citing previous rulings "that 'absent extraordinary circumstances,' administrative segregation that is merely 'incident to the ordinary life as a prisoner' is not grounds for a constitutional claim, because it simply 'does not constitute a deprivation of a constitutionally cognizable liberty interest'") (citations omitted); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir.1997) (noting liberty interests protected by the Due Process Clause are generally limited those regulations affecting "the quantity of time rather than the quality of time served by a prisoner"); *McCray v. Sullivan*, 509 F.2d 1332, 1334 (5th Cir.1975) ("[V]isitation privileges are a matter subject to the discretion of prison officials and are not a constitutional right.").

Because Harris does not possess a constitutional right to commissary or visitation privileges, the Court finds that Harris is unable to demonstrate a substantial likelihood of success on the merits of his claim. Therefore, the instant motion for a preliminary injunction [25] is **DENIED**.

**SO ORDERED** this 17th day of October, 2017.

/s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE