IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**WILLIE J. HARRIS**                                                                                **PLAINTIFF**

**V.**                              **CIVIL ACTION NO. 4:17CV67-MPM-JMV**

**RICHARD PENNINGTON, ET AL.**                                        **DEFENDANTS**

**ORDER DENYING MOTIONS FOR RECONSIDERATION**

Pending before the Court are two motions filed by Plaintiff Willie J. Harris: (1) a "Motion to Amend Preliminary Injunction," which the Court construes as a motion for reconsideration of its prior order denying Harris' request for injunctive relief; and (2) a "Motion to Alter or Amend Judgment" from the Court's ruling on Harris' request for injunctive relief.

**I**
**Applicable Legal Standard**

It is well settled that "[m]otions for reconsideration 'serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Helena Labs Corp. v. Alpha Sci. Corp.*, 483 F. Supp. 2d 538, 539 (E.D. Tex. 2007) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)).

**II**
**Factual and Procedural History**

Harris, an inmate proceeding *in forma pauperis* in this § 1983 action, filed a complaint, as amended, to allege that Defendants denied him of due process, retaliated against him for filing grievances, and denied him adequate access to the courts. Doc. #1; Doc. #10, Doc. #11, and Doc. #16. The magistrate judge determined that Harris' allegations should be explored at a *Spears* hearing, and a hearing was set for September 18, 2017. Doc. #9. On September 18,

2017, however, a penitentiary-wide lockdown occurred and prevented the court from carrying out the hearing. On the same date, the hearing was rescheduled for January 8, 2018. Doc. #21.

Harris subsequently filed a motion for injunctive relief, arguing that since the hearing has been rescheduled, he has been denied a proper medical diet and has had prison staff confiscate his personal items and medically-prescribed blankets. He also alleges that he has been denied the opportunity to work and to attend Muslim worship services, as the entire building has been on lockdown since October 1, 2017. By order dated October 17, 2017, the Court denied Harris' request for injunctive relief, noting, *inter alia*, that "Harris' complaint of the loss of privileges during the course of a zone-wide lockdown does not implicate a liberty interest." Doc. #26.

Thereafter, Harris filed the instant motion, arguing that the Court's ruling was error. Specifically, he claims that it did not follow the law governing injunctive relief and the authority of magistrate judges; it failed to address his claims that Defendants have retaliated against him for this lawsuit by refusing to allow him to attend worship services and denying him adequate food; and it failed to acknowledge that Mississippi Department of Corrections ("MDOC") policy provides a liberty interest in privileges. *See, e.g.*, Doc. #28.

### III
### Discussion

Harris complains that this Court issued an order before Defendants were required to file objections, which is contrary to the law governing injunctions and the authority of magistrate judges. He also maintains it creates an impression that the Court is partial. However, Harris is an inmate proceeding *in forma pauperis*, and this action is governed by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. Under the PLRA, Defendants do not have to respond to a complaint until the Court orders them to do so. *See, e.g., Jones v. Bock,* 549 U.S. 199, 213-

14 (2007). The Court has not ordered any named Defendant to respond to any of the allegations levied by Harris. The Court previously advised Harris that it would not issue process against any Defendant until after it held a *Spears* hearing. Doc. #9, Doc. #22. That hearing will occur in January 2018. Therefore, Harris' first objection to the ruling is without merit.

Second, Harris is aggrieved that the Court did not specifically address his retaliation claims (such as the denial of his ability to attend worship services) in its order denying injunctive relief. Harris contends that these acts of retaliation occurred after he filed this civil action.[1] *See, e.g.,* Doc. #28. The Court notes that the PLRA demands pre-filing exhaustion of administrative grievances. The statute provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997(a). "[C]ourts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). Harris could not have exhausted a grievance for events that he claims occurred **after** filing the instant lawsuit and cannot, therefore, amend this action to include a retaliation claim for every perceived indignity that he has experienced after filing it. Because injunctive relief may not be granted with regard to the new retaliation-related claims raised by Harris, there is no basis for the Court to reconsider whether injunctive relief may be granted as to any such claims.[2] *See, e.g., Women's Med. Ctr. Of Northwest Houston v. Bell*, 248 F.3d 411, 419

---

1 In his initial complaint, Harris contends that Defendants retaliated against him after he filed a grievance against Defendant Simon on February 1, 2017. *See, e.g*., Doc. #1 at 14-22. That particular claim of retaliation is not implicated by this Order and will be addressed at Harris' *Spears* hearing.
2 Although not crucial to its determination, the Court otherwise notes that Harris possesses no constitutional right to attend congregational worship services, but rather, is guaranteed only an opportunity to exercise his faith. *See, e.g.,*

n.15 (5th Cir. 2001) (noting substantial likelihood of success on merits is an element that must be proved for injunctive relief to issue).

Third, Harris claims that the Court erred by stating that the loss of privileges does not implicate a liberty interest, as MDOC policy creates a liberty interest. However, even if Harris' allegation that MDOC officials fail to follow policy is true, an institution's failure to follow policy does not establish an independent violation of a federal right. *See, e.g., Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017). Accordingly, Harris has no possibility of success as to this claim, and therefore, amendment of the prior order is not warranted. *See, e.g., Women's Med. Ctr. Of Northwest Houston v. Bell*, 248 F.3d 411, 419 n.15 (5th Cir. 2001) (noting substantial likelihood of success on merits is an element that must be proved for injunctive relief to issue).

Finally, the Court notes, as it did in its initial order, that Harris' overarching complaint appears to be that a period of extended lockdown for his housing unit has deprived him of his constitutional rights. However, the purpose of a lockdown is to restrict movement and activity. MDOC officials are in the best position to determine what policies and practices are required to preserve institutional security, and it is not the Court's role to interfere casually in the application of those policies and practices. *See, e.g., McCord v. Maggio*, 910 F.2d 1248, 1251 (5th Cir. 1990). A loss of privileges associated with a lockdown fails to implicate a constitutional right. *See, e.g.*, *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir.1997); *McCray v. Sullivan*, 509 F.2d 1332, 1334 (5th Cir.1975).

## IV
## Conclusion

---

*Manning v. Caddo Corr. Ctr.*, No. 5:15-CV-1034, 2015 WL 4758716, at *5 (W.D. La. Aug. 10, 2015). He has not alleged that he is prohibited from practicing the tenets of his faith.

For the reasons as set forth herein, Harris fails to demonstrate that the Court should rescind its prior order, and his motions to reconsider or alter the Court's order denying injunctive relief [27][28] are **DENIED**.

**SO ORDERED** this 6th day of November, 2017.

/s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE