# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**WILLIE J. HARRIS**                                                                **PLAINTIFF**

**V.**                                        **CIVIL ACTION NO. 4:17CV67-MPM-JMV**

**RICHARD PENNINGTON, ET AL.**                                  **DEFENDANTS**

## ORDER DENYING MOTION FOR RECONSIDERATION

Before the court is the plaintiff's renewed motion for a transcript of the *Spears*[1] hearing held in this cause on January 8, 2018, which is construed as a motion for reconsideration of a prior order directing the Clerk to forward the plaintiff an electronic copy of the hearing. Doc. #49.

## I
## Applicable Legal Standard

In this case, the plaintiff's request for reconsideration of the prior order is governed by Federal Rule of Civil Procedure 59(e). An order granting Rule 59(e) relief is appropriate when: (1) there has been an intervening change in the controlling law, (2) where the movant presents newly discovered evidence that was previously unavailable, or (3) to correct a manifest error of law or fact. *Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion cannot be used to raise theories or arguments which could, and should, have been made earlier, nor can it be used to re-urge matters that have already been advanced by a party. *Helena Laboratories Corp. v. Alpha Scientific Corp.*, 483 F.Supp.2d 538, 539 (E.D. Tex. 2007) (citation and quotation marks omitted).

## II
## Background

The plaintiff's *Spears* hearing was audio recorded only; no court reporter was present. *See* Doc. #35. Subsequently, the plaintiff requested a free copy of the *Spears* transcript. Doc. #44.

---

1 *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Magistrate Judge Jane M. Virden denied the plaintiff's motion, finding "[t]he plaintiff offers no justification for why the court should bear the cost of preparing a transcript when an electronic recording exists," and directing the Clerk to forward the plaintiff a copy of his *Spears* hearing on compact disc. Doc. #45.

In the instant motion, the plaintiff contends that the magistrate judge's conclusion was error for the following reasons: (1) he is entitled to a free copy of the transcript, as he is indigent and requires the transcript in order to properly present his case on any resulting appeal; (2) there is a federal requirement that a court reporter be present at all court proceedings, and that such a requirement is recognized by the local rules; (3) that reliance on an electronic recording is in conflict with the law; and (4) not having a copy of a transcript that he can keep in his possession places an undue burden on him given the delay he will ultimately encounter in requesting and gaining access to a computer to review the compact disc of the *Spears* hearing. *See id.*

### III
### Analysis

A district court may order the preparation of a transcript if it finds that the transcript is necessary. 28 U.S.C. § 1915(c). However, an individual possesses no constitutional right to a free copy of a transcript to search for defects merely because he is an indigent. *Bonner v. Henderson*, 517 F.2d 135, 135 (5th Cir. 1975). Rather, in order "to succeed on a motion for production of transcripts at government expense, a party must also show why the transcripts are necessary for the proper disposition of his appeal." *Norton v. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997) (determining that prisoners proceeding *in forma pauperis* are not necessarily entitled to transcripts of their *Spears* hearings). Additionally, the Fifth Circuit has held that a plaintiff must "demonstrate that the costs of preparing a transcript are justified when an electronic recording of the hearing [is] available." *Cooper v. Hung*, 485 F. App'x 680, 683 (5th Cir. 2012).

Here, the plaintiff was present for his *Spears* hearing, and he has been forwarded an electronic copy of the hearing. The Court finds that there is no reason to order the transcription of the hearing at government expense. It further finds that the plaintiff's contention that he is entitled to a free transcript as a matter of federal law is incorrect, as is his argument that courts are required by federal law and local rule to have stenographers transcribe all court proceedings as a matter of course. *See, e.g.*, 28 U.S.C. § 753(b) ("Each session of the court and every other proceeding designated by rule or order of the court or by one of the judges shall be recorded verbatim by shorthand, mechanical means, **electronic sound recording**, or any other method, subject to regulations promulgated by the Judicial Conference and subject to the discretion and approval of the judge.") (emphasis added); *see also* Local Civil Rule 81(b) (exempting from local rules § 1983 actions brought by *pro se* plaintiffs).

## IV
## Conclusion

The Court finds that it is not necessary for the plaintiff to have a free copy of the transcript of his *Spears* hearing in order to litigate his claims. It further finds that the plaintiff has offered no justification that would warrant relief under Federal Rule 59(e). Accordingly, the instant motion [49] is **DENIED**.

**SO ORDERED**, this 23rd day of February, 2018.

/s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE