IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

WILLIE J. HARRIS                                                                                   PLAINTIFF

V.                                                        CIVIL ACTION NO. 4:17CV67-MPM-JMV

JACQUELINE CANNON                                                                         DEFENDANT

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendant Jacqueline Cannon's motion for summary judgment and Plaintiff Willie J. Harris' response thereto. *See* Docs. #80 & #87. For the reasons set forth below, Defendant's motion will be granted and summary judgment entered in favor of Defendant Cannon.

## I
## Plaintiff's Relevant Allegations

On February 1, 2017, Harris, an inmate housed in Unit 30 at the Mississippi State Penitentiary, filed a grievance against Deputy Warden Lee Simon. According to Harris, Simon[1], assisted by Defendant Jacqueline Cannon, began retaliating against him.

Harris contends that Cannon's involvement in the retaliation concerns two false RVRs against him that were written at Simon's instruction: RVR #01725266 and RVR #01732159. Both RVRs were for the possession of contraband (tobacco). Harris claims that the first RVR was destroyed and replaced with the second RVR in order to omit any reference to the RVR being written upon Simon's orders. Harris was found guilty of RVR #01732159.

Harris subsequently initiated this lawsuit under 42 U.S.C. § 1983. He requests that the Court remove RVR #01732159 from his record, and that he be awarded with court costs and monetary damages for mental anguish and suffering.

---
[1] Harris' claims against Simon have been dismissed. *See* Doc. #60.

## II
## Summary Judgment Standard

Summary judgment is proper only when the pleadings and evidence, viewed in a light most favorable to the nonmoving party, illustrate that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a),(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A fact is deemed "material if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (citation and internal quotation mark omitted). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)).

Once the motion is properly supported with competent evidence, the nonmovant must show that summary judgment is inappropriate. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998); *see also Celotex*, 477 U.S. at 323. That is, the non-movant must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Beck*, 204 F.3d at 633. The nonmovant cannot rely upon "conclusory allegations, speculation, and unsubstantiated assertions" to satisfy his burden, but rather, must set forth specific facts showing the existence of a genuine issue as to every essential element of his claim. *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002) (citation omitted); *Morris*, 144 F.3d at 380. If the "evidence is such that a reasonable jury could return a verdict for the nonmoving party," then there is a genuine dispute as to a material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If no proof is presented, however,

the Court does not assume that the nonmovant "could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

The plaintiff cannot meet this burden with "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986), "conclusory allegations," *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 871-73 (1990), "unsubstantiated assertions," *Hopper v. Frank,* 16 F.3d 92 (5th Cir. 1994), or by a mere "scintilla" of evidence, *Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082 (5th Cir. 1994). Therefore, in considering a motion for summary judgment, a court must determine whether the non-moving party's allegations are *plausible*. *Matsushita,* 475 U.S. at 586. (emphasis added). "[D]etermining whether a complaint states a plausible claim for relief. . . [is] context-specific[,] . . . requir[ing] the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (discussing plausibility of claim as a requirement to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6)).

## III
## Analysis

**A. Defendant Cannon in her official capacity**

Suit against Defendant Cannon in her official capacity as an employee of the Mississippi Department of Corrections ("MDOC") is tantamount to suit against the State of Mississippi itself. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Williams v. Miss. Dep't of Corr.*, No. 3: 12cv259-CWR-FKB, 2012 WL 2052101, at *1 (S. D. Miss. June 6, 2012); *see also* Miss. Code Ann. § 47-5-1, *et seq*. The Eleventh Amendment to the United States Constitution bars suits by private citizens against States or arms of the State in federal courts unless the particular State has waived its immunity, or Congress has abrogated the State's

sovereign immunity. U.S. Const. Amend XI; *Perez v. Region 20 Educ. Service Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (noting the Eleventh Amendment bars a federal court suit naming "the State or one of its agencies or departments" as the defendant). Mississippi has not waived its sovereign immunity. *See* Miss. Code Ann. § 11-46-5(4) ("Nothing contained in this chapter shall be construed to waive the immunity of the state from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States."). Accordingly, any claims for damages against Cannon in her official capacity cannot be sustained based on Eleventh Amendment immunity.[2]

**B. Defendant Cannon in her individual capacity**

Defendant Cannon claims the defense of qualified immunity as to the claims against her in her individual capacity. Qualified immunity protects governmental employees from individual, civil liability as long as their conduct does not violate clearly established "constitutional rights of which a reasonable person would have known." *Wernecke v. Garcia*, 591 F.3d 386, 392 (5th Cir. 2009) (citation omitted). It is a defense that protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

An evaluation of qualified immunity requires courts to conduct a two-pronged inquiry: (1) whether a clearly established constitutional right would have been violated on the facts alleged, and (2) "whether the defendant's actions were objectively unreasonable in light of the clearly established law at the time of the conduct in question." *Ramirez v. Knoulton*, 542 F.3d

---

2 An exception to sovereign immunity exists in cases of prospective injunctive relief. *See, e.g., Ex Parte Young*, 209 U.S. 123 (1908). However, as discussed in part III.B, *supra*, Harris cannot show a violation of federal law by Defendant Cannon and is not entitled to prospective relief.

124, 128 (5th Cir. 2008) (citation omitted). A defendant's actions are deemed "objectively reasonable unless *all* reasonable officials in the defendant's circumstances would have then known" that the conduct at issue violated clearly established law. *Thompson v. Upshur County Texas*, 245 F.3d 447, 457 (5th Cir. 2001) (citation omitted) (emphasis in original). The sequence of the two-prong inquiry is not mandatory; a court may rely upon either prong of the defense in its analysis. *See, e.g., Manis v. Lawson*, 585 F.3d 839, 843 (5th Cir. 2009) (citation omitted).

Once qualified immunity has been pleaded by a defendant, the plaintiff bears the burden of rebutting the defense "by establishing that the official's allegedly wrongful conduct violated clearly established law." *Estate of Davis v. City of N. Richland Hills*, 406 F.3d 375, 380 (5th Cir. 2003). This burden does not allow him to "rest on conclusory allegations and assertions," but rather, requires a plaintiff to "demonstrate genuine issues of material fact regarding the reasonableness of the officer's conduct." *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005).

**1. "Bogus" RVRs**

As an initial matter, the Court finds that Harris cannot sustain a claim against Defendant Cannon concerning the allegedly "bogus" RVRs, as he has no constitutional right to be free from a false disciplinary charge.[3] *See, e.g., Brown v. LeBlanc*, No. 09-1477-P, 2013 WL 1947180, at *6 (W.D. La. Mar. 27, 2013), *report and recommendation adopted*, No. 09-1477-P, 2013 WL 1947175 (W.D. La. May 9, 2013) (collecting cases).

**2. Retaliation**

To prove a claim of retaliation against Cannon, Harris must show that (1) he invoked a

---

[3] The Court notes that it has otherwise found that Harris possesses no due process right to the privileges he lost as a result of the disciplinary charge. *See* Doc. #51 & Doc. #36.

specific constitutional right; (2) Cannon intended to retaliate against him for his exercise of that right; (3) a retaliatory adverse act; and (4) causation. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006). In order to prove causation, Harris must establish that but for the retaliatory motive, the complained of incident would not have occurred. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995) (quotation marks omitted). That is, Harris must present direct evidence of retaliation or "allege a chronology of events from which retaliation may plausibly be inferred" that show the defendant's actions were taken in retaliation for filing his grievances. *Id*.

An inmate's personal belief that he is the victim of retaliation is insufficient to support a claim. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). Here, Harris's only assertion against Cannon is that that he received RVRs after he filed a grievance against Simon. He offers no fact-specific details to demonstrate that he received the RVRs from Cannon because of her alleged intent to collude with Simon to retaliate against him, or that he would not have otherwise received an RVR except for a retaliatory motive. Therefore, there is nothing before the Court to suggest retaliation by Cannon except for Harris' belief of such, and Cannon is entitled to summary judgment.

**C. Absence of physical injury**

The Court otherwise finds that any claim Harris might have for compensatory damages is barred by the physical injury requirement of the Prison Litigation Reform Act ("PLRA"), which provides that "[n]o federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]" 42 U.S.C. § 1997e(e).

Harris claims "mental anguish, pain, and suffering" as a result of Cannon's actions, but such bald allegations fall short of the physical injury requirement under 42 U.S.C. § 1997e(e). *See, e.g., Kossie v. Crain*, 354 F. App'x 82, 83 (5th Cir. 2009) (finding depression, anger,

headaches did not satisfy physical injury requirement); *Alexander v. Tippah Co., Miss.*, 351 F.3d 626, 631 (5th Cir. 2003) (concluding that nausea, which was not severe enough to warrant medical attention, was *de minimis* injury that would not support claim for relief). Therefore, Harris has failed to demonstrate that he has sustained a compensable injury, and his claims for compensatory damages against Defendant Cannon will be dismissed.

## IV
## Conclusion

For the reasons as set forth herein, it is **ORDERED**:

That Defendant Jacqueline Cannon's motion for summary judgment [80] is **GRANTED**, and all claims against her are fully and finally dismissed.

**SO ORDERED**, this 27th day of November, 2018.

/s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE